UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ASCOT SPECIALTY INSURANCE CO     CIVIL ACTION NO. 26-cv-758

VERSUS            JUDGE S. MAURICE HICKS, JR.

A A ALPINE STORAGE       MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

  AA Alpine Storage owned commercial property on Jewella Avenue in Shreveport that was insured by Ascot Specialty Insurance Co.  Alpine submitted a claim that hail damages occurred on or about May 22, 2024.  The parties could not agree on the amount of the covered loss.

  Ascot filed this action for a declaratory judgment.  Before the court is **Alpine's Motion to Appoint Umpire (Doc. 12)** pursuant to the policy's appraisal provision.  The motion is **granted in part and denied in part** as follows. The policy provides:

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
>   a. Pay its chosen appraiser; and
>   b. Bear the other expenses of the appraisal and umpire equally.

  If there is an appraisal, we will still retain our right to deny the claim.

Alpine appointed Rod Buvens of Archer Adjusting & Appraisals as its appraiser, and Ascot responded by naming Thomas Koralewski of Engle Martin as its appraiser.  The two

appraisers could not agree on an umpire. The parties agree that it is appropriate for the court to appoint an umpire in these circumstances.

Before selecting an umpire, the court notes Alpine's argument that Ascot did not select an "impartial appraiser" as required by the policy because Mr. Koralewski is a current employee of Engle Martin, and Ascot had earlier retained Patrick Blankenship of the same firm to investigate and adjust the loss. Alpine asks the court to consider that Ascot's appraiser works for the same company that has adjusted the claim when the court appoints an umpire. Done. Alpine also asks the court to "find that Ascot has not complied with the Policy's requirement to name a 'competent and impartial appraiser'" by selecting a current employee of the firm that served as Ascot's agent during the adjustment of the claim. It requests no specific, additional relief in connection with this requested finding, and it cites no law warranting any particular action by the court under similar circumstances. Based on the showing made, the request for any additional relief related to this issue is denied.

Ascot has submitted the names and qualifications of Jeromy Fielder and Anthony Milo. Alpine submits the names and qualifications of Steve Schmitt, William Horsley, James Gilleland, and Dave Nguyen. After reviewing these submissions, the court selects and appoints **Steve Schmitt** to serve as an umpire in accordance with the terms of the policy.

Ascot alleged in its complaint that the appraisal provision allows appraisers to resolve disagreements as to the amount of loss, but it does not authorize appraisers to resolve disputes as to causation, coverage, or other questions of law. Ascot then alleged

that only certain components of the property sustained direct physical loss or damage as a result of a Covered Cause of Loss during the effective dates of the policy.  It asked the court to issue an order concerning the scope of the appraisal and the authority of the appraisal panel to consider items that Ascot denies were damages by a Covered Cause of Loss or, alternatively, require the appraisal panel to render an itemized award that segregates the amounts awarded for each allegedly damaged component of the covered property.

Alpine objects to any order that limits the appraisal to certain portions of the roof designated by Ascot.  It also notes that, "Where policy exclusions are in contest, appraisers are permitted to make causation determinations under Louisiana law."  3201 St Charles Ave. Condo. Homeowners Ass'n, Inc. v. Lexington Ins. Co., 2025 WL 1257895, *2 (E.D. La. 2025).  Also, a judge stated in a similar case that, based on the policy at issue, "Any decisions of causation contained in the award may still be challenged, and neither defendant nor the Court is bound by them."  St. Charles Par. Hosp. Serv. Dist. No. 1 v. United Fire & Cas. Co., 681 F. Supp. 2d 748, 757 (E.D. La. 2010).  Ascot responds in its memorandum (Doc. 15) that "Ascot is not seeking to limit the appraisal provisions in its Policy."

To the extent Ascot is seeking one, the court declines to issue an order that would limit the professional appraisers and umpire.  It trusts that they will apply their expertise and assess the time and cause of relevant losses/damage as part of the appraisal process, and that they will do so with sufficient detail that any disputed coverage issues can be

assessed by the parties.  The court orders only that the appraisal process be in compliance with the policy, applicable law, and relevant industry standards.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of May, 2026.

Mark L. Hornsby
U.S. Magistrate Judge